Let's wait just a second, let everyone get settled. Okay Mr. Lynch, welcome back, nice to see you. Nice to see you, your honor. It's always good to be here. I'm here today for Marvin Lewis. The first issue in this case, I think, has been largely settled by the court's Davis opinion of a couple of weeks ago. In that opinion, the court held that the residual clause of 18 U.S.C. 924 C. 3b was unconstitutionally vetted. So, we know that Mr. Lewis' conviction cannot be upheld under that provision. The Davis court also vacated the conviction in that case because a conspiracy to commit a Hobbs Act offense is not a crime of violence under the elements test of 18 U.S.C. section 924 C. 3a. So I think that, and I'm happy about this, but I think that Davis has taken that issue from a discussion issue to we know where it goes. The only possible issue in this case would be still remaining, I think, is its plain error. And I think that's fairly well settled, too. We have an obvious error under Davis and Tobiah. We have a great effect, not just a substantial one, on Mr. Lewis' substantial rights. This conviction adds an additional 25 years to his sentence. And because of that extra 25 years, I think letting it stand when it meets neither clause of 924 C. 2 would affect the fairness and integrity of the proceeding. So I believe that it is plain error and that it should be vacated. Another issue that I raised in this case was that the district court said, I think the sentence that I'm imposing is somewhat high. I wouldn't impose this sentence except for the consecutive sentences. Mr. Lewis contends that under Dean v. United States that the district court erred. Section 3553A.1 provides, as the Supreme Court has told us in Kimbrough and Dean, the overarching command. It's a parsimony principle. A sentence may not be greater than is necessary to achieve the 3553A purposes. Judge Jacobs said the sentence was somewhat too high. He did so because he seems to have misunderstood his authority under Dean and misunderstood the obligation that section 3553A imposes. This is also the subject of a fairly recent case from this court. A couple of weeks ago in United States v. Gomez, the court did a limited remand. Now because Mr. Lewis's 924 conviction and the 25 year sentence should be vacated, reversed actually, it goes back and Judge Higginbotham and Gomez talked about the whole sentencing package. Well, in this case, because we have both the 924, it is no longer valid, and I think we have a real issue as to whether the court imposed a sentence that was improper under section 3553A. This would be, it would seem, a case to vacate the entire sentence, send it back for reconsideration. The other issue in this case is whether Mr. Lewis was erroneously assessed a four level role in the offense for being a leader of an extensive organization. I do not believe that adjustment was supported by the evidence. This was essentially a smash and rob with the driver. Mr. Lewis was the driver. He surveyed the jewelry stores. He sent Mr. Grubbs in to do the work. There was also apparently one other person involved in one robbery that occurred in Ohio. And they might get to four participants, if you count Ms. Fettery, who was Mr. Lewis's girlfriend for a time and who he sweet-talked into buying a gun and then walked off with. So we don't have a plus-five. It has to be the otherwise extensive, but I don't believe the evidence showed otherwise extensive. The government offered a theory that he must have sold these things to unknown persons. They also argued that because he deposited some amounts of money, not particularly large amounts of money, but some amounts of money with bank tellers, that he was involving the bank in the defense. I don't think that either of those theories can support an otherwise extensive adjustment in this case. The bank teller's job is essentially ministerial. You accept the deposit and you put it in. I don't think the leadership role, the otherwise extensive criminal organization, is meant to say, if you go to your neighborhood bank and hand the teller some money, that you have brought the bank into it. You are a leader of an organization that includes that bank teller, however unknowingly. So this wasn't a case of like a friendly bank teller who routinely cooperated in this? No. No, it seems as if he went to two different banks, but there does not seem to have been any cooperation. In fact, I think the banks called, in fact, I know the banks called at least once because one time he deposited over $10,000, or he tried to deposit over $10,000. They said, sir, do you realize you have to report that, and he went away and came back later and deposited $7,000, I believe. So the bank teller was not helpful. They made a notation of that, and they testified that another time when he came in, he came in under $10,000. So they said, hmm, that did strike us as. But it was not a friendly teller case, no. These appear to be just banks that he used and the people that worked there. How was he getting rid of the jewelry? We don't know, Your Honor, and that's why I think the adjustment is not applicable, because that's the government's burden. This is a government. Well, we know they stole jewelry. We know they stole the jewelry. We know he was making bank deposits. We know that he made some deposits, not a huge amount, but some deposits. We know that there was jewelry. He was found with diamonds also, a number of loose diamonds. But they showed only two sales, and this idea that this was an otherwise extensive network relies on the speculation that there must have been other sales somewhere else. But this is the government's proposed adjustment. They have to show by preponderance of the evidence that an upward adjustment is supported. And I don't believe they did that in this case, Your Honor, because we don't know where the sales supposedly occurred. They don't have evidence of that. They simply said they must have occurred. But that sort of assumption is not meeting the preponderance of the evidence standard. So for that reason, we would ask that you vacate the roll adjustment and in sending the entire case back for resensing, remove that for a level upward adjustment. Thank you, Your Honor. Thank you, Mr. Lynch. You've saved time for rebuttal. Ms. Blatt? Before I begin, I'm recovering from a bad case of bronchitis. If I start coughing, I'm just going to grab my water. I'm not asking for extra time. I just wanted to warn you. You can take all the time you need. It's perfectly okay. Thank you. So it never pleases me to have to say this, but it is true in this case that Davis is presently binding precedent on this court and that the 924C count, which is count 23, which is linked to Lewis's conspiracy to commit Hobbs Act robbery, which was count one, must be vacated and the judgment should therefore be reformed. So that does leave this court with two open questions. The first is whether or not the district court followed the dictates of Dean in imposing the sentence that it did. The second is whether the 3B1.1 enhancement was properly applied. The Dean error, of course, arises on plain error, and there are three problems with Lewis's argument here, and I'm just going to list them first and then circle back to discuss them further. The first is that the district court did not impose an aggregate sentence that it thought was too high. That's one of the things that Lewis argues. The second is that the district court did not lead itself into error, as Lewis suggests. Indeed, it properly interpreted Dean. What do you ask this court to do? What do you think the court should do? With regard to the Dean error or just generally? In this case, what do you think we should do? I think with regard to, well, obviously, it's going to have to remand to vacate the 924C, and we think that can be done on reclamation. With regard to the... Remand to do what? I'm sorry? Remand to do what? Remand for the district court to excise the judgment of that portion of the sentence, which the... You normally would vacate the sentence and let the judge put together the sentence and package again. That's true, but in this case, Your Honour, because the conviction and the portion of the sentence at error here is so discreet, we would say, although generally, of course, our government would argue that full remand would be appropriate, in this particular case, it's so discreet. And because the argument... Because the government also contends that the 3B1.1 enhancement was properly imposed and there was no Dean error here, we believe that, in this particular case, reformation is appropriate. So that's what we would ask for. Going back to the issue of the Dean error, it's very important to set the stage here for what information the district court came into the sentencing with. The defence had first cited Dean to the court pre-sentence in its request for a one-day concurrent sentence on all of the non-924C counts. It did that at page 8361. And then again at 8365, it fully briefed Dean for the court and explained why it felt that Dean would apply. They argued it again at sentencing, and actually, so did the government at sentencing, argued about Dean. So this is a very important context because the district court was not uninformed about Dean or about its effect on this particular sentence, and, of course, at sentencing, the district court says, I've read Dean, I understand Dean. Also, this is in stark contrast to the district court in Dean itself and also in Gomez, which Mr. Lynch just mentioned. There, the district court was uninformed completely about... Well, of course, in Dean, it didn't exist. But in Gomez, which took place after Dean came out, the district court completely didn't know anything about Dean. The district court's comments about the sentence being too high must be understood in the context, in that context. So when the district court said at sentencing, I will tell you that were it not for the mandatory counts, I would not have sentenced you to a total term of 924 months. It was a big sentence. I do think that that is somewhat high, but because I am unwilling to manipulate the 240 months, which I think is reasonable in underlying offenses, that's just the way it adds up. That's... You know what that sounds to me like, that the court is doing quite properly what it should do is to look at the total package that's there. But remand, rather than our saying, giving him the instruction to exercise this, you remand the case... What you do is you vacate, and then the district court is perfectly free to look at that again and say, I would impose the same sentence, and then do so. Or I may say that I need to go back and redo this and then have a new sentencing hearing. Normally I would agree with you, Judge Higginbotham, but I think that the sentencing transcript in this case, and I would recommend to the court, I think it starts at 5391. I'm sorry, but if... I might go look at it and see if the district judge has already made that quite clear, then you have a point. But my concern has to do with appellate courts trying to re... Sentences are a package, and you can say that you got X years and X years and X years, but the district judge is looking at the total sentence. That's what they're supposed to do, and they do. And when you go back and start playing with that package, not playing with it, but carving out a piece of it, then you give them the chance to say, well, fine, I'll leave it the way it is, or to say, no, let's redo this. Again... That's really what we've always done. Again, I absolutely agree that that is the usual case, but again, I think if the court looks at the sentencing transcript, I think it will draw the same conclusion. I'll look at it. So, yeah. Where in the record do you say we should look? So I think you should look from 5391 to 5398, and very much in particular at 5398 and then at 5396. I'm looking at 5398, so tell me what you want me to look at. What do you want? OK. So it's the part where he says, because I am unwilling to manipulate the 240... All right, ask me that. Right. Because I think that what the court is saying there is that even when the district court took the mandatory minimums into account, which is the Dean issue, that's the issue that Mr Lewis is raising, it acknowledged that it could go lower, and it wouldn't go lower, and it said, nope, I think... I know that 924 is high, but 240 is absolutely my view of this sentence. When you go to 593... I'm sorry, 5396, the district court essentially says the same thing. I'm not going to read all of it, but I'm going to read this one sentence. But I will not do that, because it is my explicit finding that 240 months is a sentence that is sufficient  to satisfy the factors of 3553 for all of the robberies and all of the money laundering that you engaged in. For me to manipulate that would be manipulation, as I have stated, and I will not do it, because I find that 240 months is a reasonable sentence. The consecutive mandates are mandated by the court on Congress, and they are what they are. That brings me, I think, to the next point about why there is no Dean error here, because the court there is responding to the fact, again, background, that Lewis has asked for, as in Dean, a one-day sentence on all of the non-924C counts. But I don't think that the district court could have been clearer in acknowledging that it could, pursuant to Dean, it completely understood Dean, that it could look lower under 3553A than it had, but it would not do so because it felt that 240 was a reasonable sentence under any circumstances. Finally, I just also want to address Mr. Lewis's claim that somehow that this was gall error, because the district court began its sentencing decision with the mandatory statutory maximum sentences, not the guidelines. That's at page 22 of his reply brief. Even if that were true, that's not gall error. Gall error is about guideline calculation. A 3553A sentence, I mean, assuming that the district court, and I'll address the 3B1.1 in a minute, but assuming that the district court was correct in its guideline calculations, a 3553A sentence could never be gall error because the district court there is at the zenith of its discretion with regard to imposing a sentence. Theoretically, that could be anything from time served to life at that point. Now, I'm not talking about substantive reasonableness here. I'm just saying that that's theoretically what's on the, you know, what's on the table. It's inherently not about calculation. It's about judgment, and it's about weighing the 3553A factors to arrive at a fair, sufficient, and reasonable sentence, which is what this district court said it was trying to do. I believe that this is an improper attempt to collapse gall and procedural and substantive reasonableness into Dean's process analysis, and I don't think this court should allow that. Ultimately, the best case for the government is Dean itself, because all that Dean says is that the district court may or should consider the effect of a mandatory statutory sentence when fashioning the non-mandatory portion of the sentence. That's 1176 to 1177 of Dean. And indeed, the last line of Dean is this. Nothing prevents the sentencing court from considering a mandatory minimum under 924C when calculating an appropriate sentence for the predicate offense. Dean is not about process in the sense of whether or not the district court should consider it before something or after something. It's just saying, you have the discretion to look at this. Now I'm going to turn to the 3B1.1 enhancement issue. Of course, this is completely fact-driven. The burden is on Lewis to show that the district court did not clearly err in its account of the evidence that supported the enhancement. This court can affirm on any basis. It just has to be plausible in relation to the record as a whole. And this court can't reverse, or should not reverse, let's put it that way, even if it would have made a different decision had it been sitting as the trier of fact. The burden, of course, was on the government, however, at sentencing, under the burden of... under preponderance of the evidence. The criminal activity here, the government showed, did involve more than five persons or was otherwise extensive. That enhancement can take any person who's involved in the course of the offense, whether witting or unwitting, into account. The evidence was overwhelming here that, of course, he was the organizer, leader of the conspiracy, that Mr. Grubbs was involved, that Ms. Afrihi was, whether willing or unwilling, she was the person who bought the gun, and that there was an unidentified man who effectuated the Strongsville, Ohio, robbery, and that there was at least one person to whom Lewis sold the stolen jewelry, whether wittingly or not. The government did prove that, although it was interesting that in Mr. Lewis's reply brief at page 16, he says that the government proved two such sales occurred. So that's another two people. So now we're up to seven. But even if there hadn't been five or more people, otherwise extensive can include just four people, which would take out all of the unknown bank people and all of the jewelry people. And I would direct this court to the district court's comments at sentencing and overruling the 3B1.1 objection, which is at 5333 to 5336. And there the district court noted that this was a carefully devised plan. It involved interstate and intrastate travel. He called it an entirely sophisticated scheme that you relied upon other people to carry out. It was otherwise extensive because of its very nature. It also alluded to the numerosity of the robberies, which was 14. It is true enough that the actual M.O. of the robbery, which is run into a store with a gun, threatened people, grab a bunch of very valuable jewelry, which is part of its sophistication, because there is a lot of evidence that Mr. Lewis did in fact case these stores, did try to figure out which stores would have the kind of diamonds that he wanted. So yes, that actual M.O. is not sophisticated. But sophistication is not the sine qua non of otherwise extensive. He cased the stores. He found fences for the jewelry in New York City, so that's a whole other dimension to it. And let's face it, the average snatch-and-grab robber is not making millions of dollars. And this scheme was worth almost $1.6 million. That's what the government proved at trial. In short, there was no error in the four-level enhancement and therefore no gall error because the guideline range was properly calculated. So for the following reasons, the government would request the following relief. We request that the court remand this case to the district court with instructions to excise the 924C conviction related to count 1 of the indictment from the judgment and reform the judgment to reflect its removal from its previously imposed sentence. However, if this court finds, which we don't think it can, but if this court finds that the district court erred in its calculation of the guideline range with regard to its inclusion of the 3B1.14-level organizer-leader enhancement, the government would request that the case be remanded to the district court for full resentencing. If there's no further questions... Thank you, Ms. Blatt. Thank you. Mr. Lynch, you've saved time for a moment. I think the government is actually the one conflating issues with the dean issue. Dean is the case, and dean reinforces the lesson of Kimbrough for the parsimony principle of 3553A, okay? But the error that I'm complaining about is that the judge violated 3553A.1. And we know that from the very thing the judge said. He said, I wouldn't assess this sentence. This sentence is somewhat too high. And he had the ability to address the fact that the sentence was too high. The sentence is too high, and it's not all mandated by Congress, in which case it can't be too high. But if he has discretion and the sentence is too high, he has to, under Kimbrough and Dean, and most importantly, under 3553A.1, make sure the sentence is not greater than necessary. And that's the error. The government also says... poses it as one day versus 20 years. It's true that standby counsel asked for a one-day sentence. That doesn't mean that the judge had to oppose a one-day sentence, of course. But when the judge is saying the 20-year sentence makes the aggregate too high, the judge has to take some action. He is required to, because 3553A.1 and Kimbrough tell him what sort of sentence he is legally allowed to impose. And that's the important thing. Um, even... I mean, I think we are correct on the minor role. It's not a matter of counting here because those people weren't participants. It's a question of whether it's otherwise extensive. But on a remand, he would be looking, if the minor role stayed, at 52 years. We would still argue that for a 41-year-old man, that 52-year sentence is pretty long and may be greater than necessary. And so I think the aggregate package does come in there. And I think, as the... that Davis is not the controlling law on that issue because Judge Higginbotham cited a case... I can't remember the name. It was 926 F. 2nd, and Judge Rubin and Judge Politz were on the panel. I can't remember the name. So we have older authority, and the older authority controls unless it's been overruled by the en banc court or the Supreme Court, and it has not. So to ask the reverse on count one and remand for... reverse on the minor role, major role, and remand for resentencing. Thank you, Your Honor. Thank you, Mr. Lynch. Your case is under submission.